# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

MAURICE L. CHRISTIAN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 3:17-cv-01213-JPG
--------------------------------------------
Crim. Case No. 4:14-cr-40062-JPG-2

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Maurice L. Christian's motion to reconsider this Court's denial of his 28 U.S.C. § 2255 petition. (Doc. 4.) The Court originally denied his petition because Christian did not file his § 2255 within the one-year limitations period. (Docs. 2, 3.)

Christian brings his instant motion to reconsider under Federal Rule of Civil Procedure 60(b). A post-judgment motion such as a Rule 60(b) motion that advances a new "claim"—a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits—is a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (habeas context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-judgment Rule 6(e) motion). However, a Rule 60(b) motion that does not assert or reassert claims of error in the conviction and instead points to a defect in the integrity of the § 2255 proceedings is not a successive petition. *Gonzalez*, 545 U.S. at 532; *see Scott*, 414 F.3d at 816. Generally, decisions to deny a habeas petition based on the failure to exhaust state remedies, procedural default, or the statute of limitations are not decisions on the merits and may be attacked in a Rule 60(b) motion without amounting to a successive petition. *Gonzalez*, 545 U.S. at 532 n. 4. But a motion in the district court before time to appeal has run does not come within this rule

because a district court retains jurisdiction to fix issues that occurred during this post-judgment pre-appeal period. *See* Johnson v. United States, 196 F.3d 802 (7th Cir. 1999); *Phillips v. United States*, 668 F.3d 433, 435 (7th Cir. 2012).

Here, Christian's motion comes before his time to appeal has expired, so the Court must construe it as a proper Rule 60(b) motion rather than a second and successive petition. It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Under Rule 60(b), a court may relieve a party from an order where there is "mistake, inadvertence, surprise, or excusable neglect", "newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial", or "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

Here, Christian has attached the exact same memorandum of law in support of his Rule 60(b) motion that he had originally attached to his § 2255 petition. This memorandum of law does not attack or discuss the Court's prior decision to dismiss his petition for failing to meet the statute of limitations requirement. Since Christian's Rule 60(b) motion mirrors his original petition, Christian has made no showing as to why he is entitled to Rule 60(b) relief. Accordingly, the Court **DENIES** Christian's motion for reconsideration. (Doc. 4.)

**IT IS SO ORDERED.**
**DATED: JANUARY 29, 2018**

                                                                          s/ *J. Phil Gilbert*
                                                                          J. PHIL GILBERT
                                                                          U.S. DISTRICT JUDGE